UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

GOVERNOR ANDREW CUOMO, et al.,

        Defendants.

19-CV-9336 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 28 U.S.C. § 1331, asserting claims arising out of the denial of an insurance claim. By order dated November 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Governor Andrew Cuomo; Superintendent Linda A. Lacewell; the New York State Department of Financial Services; Victoria Fire & Casualty Company; Nationwide; Clivell Wilson; Financial Services Examiner 1; New York State Consumer Assistance Unit; WWW.DFS.NY.GOV; Victoria Fire & Casualty DBA Titan; Mary Fries: Nationwide Rep.; Barb Dabrishus; Policy #10205601/Private Passenger Coverage; Claim # 658029-GE; NAIC # 42889; OCCA Case # 3349086; DOI File # CSB-2019-01314699; Nationwide: PO Box 26005, Daphne, Alabama 36526; Office of Customer Advocacy; State of Ohio; State of New York; Buffalo Police Department; Officer Poblocki; C District Police Station; New York State Department of Motor Vehicles; New York State Insurance; and Ohio Insurance. Plaintiff's claims arise out of the denial of an insurance claim.

The following facts are taken from the complaint. On September 24, 2019, Plaintiff received a notice from the New York State Department of Financial Services (DFS) concerning his consumer complaint against Victoria Fire & Casualty Company (Victoria Fire) for the denial of his insurance claim. Plaintiff viewed the notice as an indication that his "civil rights were not guaranteed." (ECF No. 2, 3.) He asserts that Defendants have discriminated against him by denying him his "insurance rights, civil rights, [and] U.S. constitutional & human rights." (*Id*.) Plaintiff seeks injunctive relief and monetary damages.

Plaintiff attaches the following to his complaint: the consumer complaint he filed with DFS; Nationwide's response to his consumer complaint; and DFS's decision on his consumer complaint. (See ECF No. 2, 5-11.) These documents reveal that that on January 28, 2017, Plaintiff was in a car accident. In March 2019, he submitted an insurance claim to Victoria Fire, which was denied on July 23, 2019. Instead of appealing the denial, Plaintiff filed a consumer complaint with DFS, asserting that he was "denied insurance services due to medical doctor false testimony of matters." (*Id*. at 9.) After receiving Nationwide's response, DFS issued a decision informing Plaintiff that "this Department is limited to verifying that an insurer based its denial of No-Fault benefits upon an Independent Medical Examiner's (IME) Report. Questions involving the IME's professional and medical opinion are not under our jurisdiction." (*Id*. at 5.)

## DISCUSSION

Since the January 28, 2017 car accident in Buffalo, New York, Plaintiff has filed numerous cases here and in other federal district courts concerning the denial of insurance and other matters arising from the car accident. *See Johnson v. Wolff*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019) (listing cases). Many of the cases were dismissed as frivolous or meritless, and Plaintiff was warned that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651, barring him from filing new actions IFP unless

3

he received prior permission to file. *See id*. at 8-9. But Plaintiff continued to file actions against any person or entity remotely involved in his attempts to obtain relief, including judges presiding over his cases, court officials, federal and state agencies and officials, and various insurance companies and their employees. On November 5, 2019, Judge Gregory Woods of this Court directed Plaintiff to show cause, within thirty days, why he should not be barred from filing any further actions in this Court IFP without first obtaining permission to file his complaint. *See id*. at 9. This action was filed after Plaintiff was warned but before he was directed to show cause.

The crux of this action – DFS's decision on Victoria Fire's denial of Plaintiff's insurance claim – is distinct from Plaintiff's other cases and, he has not previously litigated the issue. But the complaint is a continuation of Plaintiff's pattern of frivolous and vexatious litigation. When Plaintiff's claim for no-fault insurance to Victoria Fire was denied, rather than appealing the decision to the insurance company, he instead chose to file a consumer complaint with DFS, asserting that his insurance claim was denied because of a doctor's false testimony. After DFS informed him that it did not have jurisdiction to resolve issues arising from the doctor's testimony, Plaintiff filed this action against what appears to be individuals and entities associated with various issues arising from the 2017 car accident.

Because Plaintiff brings this action asserting civil rights and constitutional violations, the complaint is construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Plaintiff fails to allege any facts suggesting that any of the private parties he names should be held liable under § 1983. Plaintiff's constitutional and statutory claims against all of the private defendants named must therefore be dismissed.

In addition, to the extent Plaintiff brings discrimination, due process, and other civil rights claims against government actors, his assertions do not rise to the level of a federal constitutional or statutory violation and must be dismissed. He fails to allege any fact suggesting that government actors deprived him of any federally protected right. Plaintiff's appears to believe that because his insurance claim was denied it amounts to a constitutional or federal law violation. But he alleges no facts indicating that anyone discriminated against him for an impermissible reason such as his race, nationality, or that he was not provided an "opportunity to be heard at a meaningful time and in a meaningful manner," as required by due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As it is clear that no one discriminated against Plaintiff and DFS afforded him an opportunity to present his claims and objections, Plaintiff fails to state a claim for relief. Mindful of our duty to construe *pro se* actions liberally, the Court has analyzed Plaintiff's complaint and find no deprivation of a federally secured right. The complaint is therefore dismissed as it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 26, 2019
        New York, New York

                                      COLLEEN McMAHON
                                  Chief United States District Judge